**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LANQING ZHANG,

           Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

           Respondent.

No.   17-72595

Agency No. A206-349-056

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2022[**]
Portland, Oregon

Before: GRABER, BEA, and VANDYKE, Circuit Judges.

Petitioner Lanqing Zhang, a native and citizen of China, seeks review of the

Board of Immigration Appeals' ("BIA") order affirming an immigration judge's

("IJ") decision denying her application for asylum, withholding of removal, and

---

       [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

       [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture ("CAT"). Reviewing for substantial evidence, Li v. Garland, 13 F.4th 954, 956 (9th Cir. 2021), we deny the petition.

1. Substantial evidence supports the BIA's adverse credibility finding because it is supported by the "totality of the circumstances." Alam v. Garland, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc). Two illustrations will give a flavor of the record.

First, Petitioner's testimony was not consistent with the evidence in the record. 8 U.S.C. § 1158(b)(1)(B)(iii). Petitioner testified that she had been fired from her job on "January the 3rd, 2011," but a dismissal notice stated that Petitioner was fired on "01/03/2001." Although Petitioner changed her testimony to match the notice, the agency was not compelled to believe her, nor are we compelled to disagree with the agency.

Second, the BIA identified three instances when, during the hearing before the IJ, Petitioner refused to answer questions responsively. See Singh v. Ashcroft, 301 F.3d 1109, 1114 (9th Cir. 2002) ("To support an adverse credibility determination based on unresponsiveness, the BIA [or IJ] must identify particular instances in the record where the [applicant] refused to answer questions asked of him."). As a result, "[t]he BIA and IJ did not err in relying on [Petitioner's]

2

evasive and unresponsive demeanor while testifying after providing examples of [her] evasiveness." Rodriguez-Ramirez v. Garland, 11 F.4th 1091, 1093 (9th Cir. 2021) (per curiam).

Accordingly, considering "the totality of the circumstances," 8 U.S.C. § 1158(b)(1)(B)(iii), the adverse credibility determination was supported by substantial evidence.

2. Given the BIA's adverse credibility determination, Petitioner's asylum and withholding of removal claims fail, as "the remaining evidence in the record is insufficient to carry her burden of establishing eligibility for relief." Wang v. Sessions, 861 F.3d 1003, 1009 (9th Cir. 2017). Petitioner's CAT claim also fails because it rests on the same testimony that the BIA found not credible. And Petitioner does not point to any other evidence that compels the conclusion that it is more likely than not that she would be tortured if returned to China. See Almaghzar v. Gonzales, 457 F.3d 915, 922–23 (9th Cir. 2006) (holding that the petitioner's CAT claim failed because discredited testimony and the relevant country report did not compel the conclusion that the petitioner would face a particularized threat of torture).

**PETITION DENIED.**